UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALINGA, TIMOTHY VITAL,<br><br>Petitioner,<br>v.<br><br>BRUCE SCOTT et al.,<br><br>Respondents. | CASE NO. 2:26-cv-03524<br><br>ORDER GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DIRECTING THE PARTIES TO MEET AND CONFER AND |

Petitioner Timothy Vital Malinga filed[1] a Petition for writ of habeas corpus. Petitioner also moves for a temporary restraining order ("TRO") preventing his transfer to a detention facility outside of this District while these proceedings are pending.

The following is a summary of the allegations in the Petition and the motion for TRO. Petitioner alleges he appeared for and participated in a bond hearing (custody redetermination

[1] As with a petition filed earlier this morning, Counsel's legal assistant contacted the emergency filings telephone number and identified they received an error while attempting to docket the petition and temporary restraining order. The undersigned has reviewed CM/ECF but is unable to access the docket. Counsel emailed a copy of the filings to the undersigned's orders email inbox for review and consideration.

hearing) before Immigration Judge John Odell ("IJ") on August 26, 2026. The IJ denied bond release, issuing an order that checked a box finding "Danger to Community," but containing "no factual findings, legal analysis, or explanation supporting that determination." Petitioner alleges his bond hearing was constitutionally deficient.

Counsel identifies she was present at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") on the evening of September 18, 2026. She asserts she overheard detention officials state "in substance, that approximately 80 detainees were expected to be moved from the facility tonight." Petitioner also identifies his commissary and telephone access have been shut off. Petitioner asserts these circumstances indicate he is at risk of immediate transfer from the District.

The Petition raises questions regarding whether the IJ provided a constitutionally deficient bond hearing, which is a familiar allegation that has been the basis for relief for other petitioners in recent months in this District. *See Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1080 (W.D. Wash. 2026) ("the IJ relied on Petitioner's immigration history, employment history, and the potential strength of Petitioner's claims for relief from removal to support a finding of flight risk without explaining why those factors established flight risk or how they outweighed the significant evidence showing Petitioner is fixed and stable with his family in his community"); *Segura Serrano v. Scott*, Case No. 2:25-cv-01268-LK, 2026 WL 1674357, at *9 (W.D. Wash. May 26, 2026) ("the IJ failed to provide rationale for her findings of flight risk and dangerousness and failed to engage whatsoever with the factors weighing against such findings"); *Flores Velazquez v. Hernandez*, C26-1846-SKV, 2026 WL 1815731, at *9 (W.D. Wash. Jun. 24, 2026) ("it does not appear the IJ considered, or engaged with, the significant amount of evidence in Petitioner's favor"); *Huang v. Blanche*, Case No. 2:26-cv-02157-BAT,

2026 WL 2271901, at *8 (W.D. Wash. Jul. 17, 2026) ("the IJ failed to provide a meaningful rationale for his findings of flight risk and dangerousness and failed to engage with the factors weighing for or against such findings"); *Rodriguez-Pineda v. Hernandez*, Case No. 26-2367-MLP, 2026 WL 2321531, at *6 (W.D. Wash. Aug. 11, 2026) ("the cited reasons for denying bond do not stand on their own (or in the aggregate) and it does not appear the IJ considered, or engaged with, the significant amount of evidence in Petitioner's favor"); *Vazquez v. Scott*, Case No. 2:26-cv-02515-DGE, 2026 WL 2285535, at *5 (W.D. Wash. Aug. 7, 2026) ("the IJs are providing little to no explanation in support of their findings").

Petitioner identifies she has sought to contact Respondents regarding the motion for TRO and that she emailed USAWAW.ImmigrationHabeasAnumbers@usdoj.gov.

**ORDER**

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). Accordingly, the Court ORDERS as follows:

1. Petitioner's motion for temporary restraining order is *provisionally* GRANTED pending Respondents' response to the motion. This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.
2. **Respondents ARE PROHIBITED from transferring Petitioner Timothy Vital Malinga from this jurisdiction—i.e., the Western District of Washington—without further order.**

3. Petitioner's counsel SHALL immediately serve process and a copy of this Order on Respondents. Petitioner's counsel SHALL immediately contact Respondents' counsel to provide a copy of this Order and to meet and confer on (1) a briefing schedule for the motion for TRO and (2) whether the government will agree to a stipulated order to not transfer Petitioner to another facility during the pendency of this action.
4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.
5. The Parties SHALL contact the courtroom deputy of the assigned judge by email if they wish to schedule oral argument on the motion for TRO.
6. Entered at 3:40 a.m.

Dated this 19th day of September, 2026.

David G. Estudillo
United States Chief District Judge